**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-10009 |
| Plaintiff - Appellee, | D.C. No. 4:11-cr-00969-JGZ |
| v. | |
| JONATHAN FLORES-REYES, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
James K. Singleton, District Judge, Presiding[**]

Submitted August 14, 2013[***]

Before:     SCHROEDER, GRABER, and PAEZ, Circuit Judges.

Jonathan Flores-Reyes appeals from the district court's judgment and

challenges his guilty-plea conviction and 77-month sentence for reentry after

---

[*]       This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The Honorable James K. Singleton, Senior United States District
Judge for the District of Alaska, sitting by designation.

[***]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

deportation, in violation of 8 U.S.C. § 1326. Pursuant to *Anders v. California*, 386

U.S. 738 (1967), Flores-Reyes's counsel has filed a brief stating that there are no

grounds for relief, along with a motion to withdraw as counsel of record. We have

provided Flores-Reyes the opportunity to file a pro se supplemental brief. No pro

se supplemental brief or answering brief has been filed.

Our independent review of the record pursuant to *Penson v. Ohio*, 488 U.S.

75, 80 (1988), discloses no arguable issue as to Flores-Reyes's conviction.

However, the district court imposed a 16-level enhancement based on its

conclusion that Flores-Reyes's prior conviction under California Health and Safety

Code § 11351 was categorically a drug trafficking offense under U.S.S.G.

§ 2L1.2(b)(1)(A)(i). After sentencing, this court held that section 11351 is not

categorically a drug trafficking offense. *See United States v. Leal-Vega*, 680 F.3d

1160, 1167 (9th Cir. 2012), *cert. denied*, 133 S. Ct. 982 (2013). Accordingly, we

vacate the sentence and remand for resentencing so that the district court may

determine in the first instance, on an open record, whether Flores-Reyes's prior

conviction qualifies as a drug trafficking offense under the modified categorical

approach. *See id.* at 1167-69.

The motion of Henry Jacobs, Esq., 2030 E. Speedway Blvd., Suite 212,

Tucson, Arizona 85719, (520) 300-4113, to withdraw is **GRANTED.** New

counsel will be appointed by separate order.

The Clerk shall serve a copy of this memorandum disposition on the appointing authority for the District of Arizona, who will locate appointed counsel.

**AFFIRMED in part; VACATED and REMANDED for resentencing.**